MICHAEL H. AND DORCAS S. COTTRELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cottrell v. Commissioner
Docket No. 14559-90
United States Tax Court
T.C. Memo 1992-73; 1992 Tax Ct. Memo LEXIS 81; 63 T.C.M. (CCH) 2006; T.C.M. (RIA) 92073; February 6, 1992, Filed *81 Decision will be entered for respondent Michael H. Cottrell, pro se. John Aletta, for respondent. CANTREL
CANTREL
MEMORANDUM FINDINGS OF FACT AND OPINION CANTREL, Special Trial Judge: This case was assigned and heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 183. [1]
In his joint notice of deficiency issued to petitioners, respondent determined a deficiency in petitioners' Federal income tax and additions to tax for the calendar year 1987 as follows: Addition to Tax
Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1987
$ 1,004
$ 50
50% of the interest
due on $ 1,004
The issues for decision are: (1) Whether petitioners failed to report on their 1987 Federal income tax return $ 2,834.80 in nonemployee compensation received by Michael H. Cottrell, hereinafter called petitioner; and (2) whether petitioners *82 are liable for the additions to tax. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and related exhibits are incorporated herein by this reference. Petitioners resided at 11 Redwood Street, Newport, Rhode Island, on the date they filed their petition herein. They filed a joint 1987 Federal income tax return with the Internal Revenue Service. During part of 1987 petitioner worked for String Instrument Workshop and Newport Woodworks, both of which were owned and operated by Kevin Murphy (Mr. Murphy). For the first 7 weeks of his employment petitioner was a salaried employee. His gross salary was $ 400 per week with a take home pay of approximately $ 307. Thereafter, beginning on or around June 26, 1987, until his termination in late August, he was treated as an independent contractor. Prior to filing the 1987 return, petitioner received a Form W-2, Wage and Tax Statement, from String Instrument Workshop showing wages received of $ 2,800, from which $ 336 in Federal income tax was withheld. Both of these amounts were reported on the return and the Form W-2 was appended thereto. Also prior to filing the 1987 return, petitioner *83 received a Form 1099-MISC, Miscellaneous Income, from Newport Woodworks showing that he received $ 2,834.80 in nonemployee compensation in 1987. [2] This amount was not reported on the return, which was prepared by a representative of H&R Block. No copy of the Form 1099-MISC was attached to the return. The Form 1099-MISC contained the following warning: This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this income is taxable and the IRS determines that it has not been reported.
Petitioner worked for the businesses owned by Mr. Murphy for some 5 months in 1987. According to him, he does not know how much he was *84 paid during that period as sometimes he received salary checks with stubs showing that Federal income tax had been withheld; sometimes he received salary checks from which Federal income tax had not been withheld; sometimes his wages were paid in cash out of Mr. Murphy's pocket; and sometimes they were paid in cash from the cash register. The nonemployee compensation amount of $ 2,834.80 is based upon six invoices submitted by petitioner to Mr. Murphy, reflecting amounts paid by cash and three other checks issued to petitioner. OPINION Section 61 provides that income from whatever source derived, including compensation for services, must be included in gross income. In his notice of deficiency, respondent determined that petitioner received nonemployee compensation of $ 2,834.80, which was not reported on the 1987 return. Petitioners have the burden of proving that respondent's determination is incorrect. Rule 142(a); ; . They have wholly failed in that burden. Indeed, the unrefuted evidence shows petitioner did receive said unreported income in 1987. *85 We sustain respondent's determination on the nonemployee compensation issue. We now turn to the additions to tax. Section 6653(a)(1)(A) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(3) defines negligence to include "any failure to make a reasonable attempt to comply with" the tax laws, and "'disregard' includes any careless, reckless, or intentional disregard" of the rules or regulations. Section 6653(a)(1)(B) imposes another addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. Negligence under section 6653(a) is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioners bear the burden of proving respondent's determinations that they were negligent or intentionally disregarded the rules or regulations for the year in issue, were erroneous. Rule 142(a); . *86 Petitioner stipulated that, prior to filing the 1987 return, he received a Form 1099-MISC from Newport Woodworks showing that $ 2,834.80 was paid to him in 1987. It appears that petitioner discussed this Form 1099-MISC with his return preparer who was curious as to why petitioner, who began his employ as a salaried employee, would at some time thereafter be treated as an independent contractor. Without checking into the matter further, the preparer had petitioners sign the return, send it in," and have the IRS straighten it out." In these circumstances, we think both petitioner and his return preparer should have contacted Newport Woodworks to verify the income set forth in the Form 1099-MISC. We find that a reasonable and prudent taxpayer would have done so. Petitioner did not, nor did he satisfactorily explain why not. Furthermore, it may be that Newport Woodworks incorrectly classified petitioner as an independent contractor, but that is hardly a basis for intentionally ignoring the income received. On this record as a whole, respondent's determinations with respect to the additions to tax are sustained. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The correct amount of nonemployee compensation received by petitioner appears to have been $ 3,174.80. However, due to a bookkeeping mistake, the amount entered on the Form 1099-MISC was only $ 2,834.80. Respondent does not seek an increased deficiency.↩